**WO**                                                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Dale Howard,<br><br>    Plaintiff,<br><br>vs.<br><br>Mesa Police Special Felon Unit, et al.,<br><br>    Defendants. | No. CV 09-2411-PHX-MHM (ECV)<br><br>**ORDER** |

Plaintiff Steven Dale Howard, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.20. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
2 failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Plaintiff sues the Mesa Police Special Felon Unit, Unknown Owner, Unknown Manager, and Unknown Maintenance Man.

Plaintiff raises one ground for relief in which he claims that his Eighth and Fourteenth Amendment rights were violated when Mesa Police Officers arrived at his apartment complex to arrest him. Plaintiff states that the Officers told the apartment "manager/owner/maintenance man" that Plaintiff had a "hit" on him from several gangs. Plaintiff appears to also claim that the "manager/owner/maintenance man" went to Plaintiff's apartment, asked if Plaintiff had a leak, and then returned to the Officers and informed them that Plaintiff was home. Plaintiff claims that the Special Felon Unit then "rushed" his apartment with guns and told his girlfriend that she was harboring a fugitive. Plaintiff claims that he suffered mental anguish from the "slander/libel defamation."

Plaintiff seeks money damages.

**IV.    Complaint Duplicative of Previously Filed Action**

The claims alleged by Plaintiff in this matter are based on the same facts Plaintiff alleged in CV 09-2296-PHX-MHM (ECV), which is currently pending before the Court.

An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e)(2)(B)(i). Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendant, is subject to dismissal as duplicative and frivolous. See Bailey, 846 F.2d at 1021; see also Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975).

Accordingly, Plaintiff's Complaint will be dismissed as duplicative of CV 09-2296-PHX-MHM (ECV) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.20.

(3) The Complaint (Doc. #1) is **dismissed** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 15th day of December, 2009.

Mary H. Murguia
United States District Judge